United States District Court
Southern District of Texas
**ENTERED**
August 19, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DARLENE M. FLYNN, § | |
| § | |
| Plaintiff. § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:19-CV-03523 |
| § | |
| ANDREW M. SAUL, § | |
| COMMISSIONER OF THE SOCIAL § | |
| SECURITY ADMINISTRATION, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND ORDER

Plaintiff Darlene M. Flynn ("Flynn") seeks judicial review of an administrative decision denying her disability benefits under Title II of the Social Security Act (the "Act"). *See* 42 U.S.C. §§ 405(g) and 1383(c)(3).

Before me are competing motions for summary judgment filed by Flynn and Defendant Andrew Saul, the Commissioner of the Social Security Administration (the "Commissioner"). *See* Dkts. 10, 12. Having considered the motions, responsive briefing, record, and applicable law, Plaintiff's Motion for Summary Judgment (Dkt. 10) is **DENIED** and Defendant's Motion for Summary Judgment (Dkt. 12) is **GRANTED**.

### BACKGROUND

On October 17, 2013, Flynn applied for disability benefits from the Social Security Administration (the "Administration"). Flynn's application was initially denied and denied again upon reconsideration. Subsequently, an Administrative Law Judge ("ALJ") held a hearing and found that Flynn was not disabled, issuing his first decision

on May 8, 2015. Flynn requested that the Appeals Council review this unfavorable decision, and on November 29, 2016, the Council vacated the ALJ's finding and remanded the application for further proceedings.[1] Flynn appeared again and testified at a hearing on October 15, 2018. On November 27, 2018, the ALJ again held that Flynn was not disabled. Having exhausted all other options, Flynn now appeals to this Court for a review of the ALJ's most recent decision.

## APPLICABLE LAW

Under the Act, individuals who have contributed to the Social Security program, are insured for disability insurance benefits, and have a physical or mental disability may apply for disability insurance benefits. *See* 42 U.S.C. § 423. Section 405(g) of the Act governs the standard of review in disability cases. *See Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). The Commissioner's decision to deny social security benefits is reviewed by the federal courts to determine whether (1) the Commissioner applied the proper legal standard; and (2) the Commissioner's factual findings are supported by substantial evidence. *See Garcia v. Berryhill*, 880 F.3d 700, 704 (5th Cir. 2018). "To be substantial, evidence must be relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla but it need not be a preponderance." *Fraga v. Bowen*, 810 F.2d 1296, 1302 (5th Cir. 1987). "If the Commissioner's findings are supported by substantial evidence, they must be affirmed." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). "A finding of no substantial

---

[1] The Appeals Council instructed the ALJ to further consider Flynn's residual functional capacity, providing specific limitations with "appropriate rationale and specific references to evidence of record in support of the assessed limitations." Dkt. 6-4 at 47.

evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000). "Procedural perfection in administrative proceedings, however, is not required." *Jones v. Colvin*, 638 F. App'x 300 (5th Cir. 2016) (citing *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988) (internal quotation marks omitted)).

"[A] claimant is disabled only if she is incapable of engaging in any substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (internal quotation marks, citation, and emphasis omitted). To determine if a claimant is disabled, the ALJ uses a sequential, five-step approach:

> (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity.

*Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017)).

"The claimant bears the burden of proof on the first four steps, but the Commissioner bears the burden on the fifth step." *Id.* (quotation marks and citation omitted). "Before reaching step four, the Commissioner assesses the claimant's residual functional capacity ('RFC'). The claimant's RFC assessment is a determination of the most the claimant can still do despite his or her physical and mental limitations and is based on all relevant evidence in the claimant's record." *Armstrong v. Saul*, No. 3:19-CV-00137, 2020 WL 410197, at *2 (S.D. Tex. Jan. 21, 2020) (quoting *Kneeland*, 850

F.3d at 754). The RFC is a function-by-function assessment, considering both exertional and nonexertional factors based upon all of the relevant evidence in the case record. *See* Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *3–6. "The RFC is used in both step four and step five to determine whether the claimant is able to do her past work or other available work." *Kneeland*, 850 F.3d at 754.

The Commissioner's decision must stand or fall with the reasons stated in the ALJ's final decision. *See Newton*, 209 F.3d at 455. *Post hoc* rationalizations for an agency decision are not to be considered by a reviewing court. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947). "The reviewing court may not reweigh the evidence, try the questions *de novo*, or substitute its judgment for the Commissioner's, even if it believes the evidence weighs against the Commissioner's decision. Conflicts in the evidence are for the Commissioner, not the courts, to resolve." *Pennington v. Comm'r of Soc. Sec. Admin.*, No. 3:16-CV-230, 2017 WL 4351756, at *1 (S.D. Tex. Sept. 29, 2017) (citing *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002)).

## THE ALJ'S DECISION

The ALJ found at step one that Flynn had not engaged in substantial gainful activity "during the period from her amended alleged onset date of January 1, 2013 through her date last insured of March 31, 2018." Dkt. 6-3 at 15.

The ALJ found at step two that Flynn had the following severe impairments: hypothyroidism, lupus, and Sjogren's syndrome.

At step three, the ALJ found that none of these impairments met any of the Administration's listed impairments.

> Prior to step four, the ALJ assessed Flynn's RFC, as follows:
>
> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform the full range of light work as defined in 20 C.F.R. § 404.1567(b).

*Id.* at 18. At step four, the ALJ found that Flynn is capable of performing past relevant work as a medical assistant because "this work did not require the performance of work-related activities precluded by [her RFC]." *Id.* at 23.

At step 5, the ALJ considered Flynn's RFC, age, education, and work experience in conjunction with the Medical Vocational Guidelines to determine if there was any other work she could perform. At the time of the ALJ's hearing, Flynn was 57 years old, had a high School education, and was able to communicate in English. Based on the relevant factors, the ALJ concluded that Flynn was capable of making a successful adjustment to other work that existed in significant numbers in the national economy. Specifically, the ALJ accepted the testimony of a vocational expert ("VE"), who opined that Flynn could still perform occupations such as a companion (Dictionary of Occupational Titles ("DOT") 309.677-010), a scheduling clerk (DOT 209.561-010), and a medical record clerk (DOT 245.362-010). Accordingly, the ALJ determined that Flynn was not disabled and was not entitled to benefits.

## DISCUSSION

This appeal raises four issues: (1) whether the ALJ erred by failing to incorporate all of Flynn's medically determinable impairments into the assessment of her RFC; (2) whether the ALJ failed to properly develop the case by declining to order a consultative

examination; (3) whether the ALJ failed to fully develop the record regarding the physical and mental demands of Flynn's past relevant work; and (4) whether the ALJ committed reversible error by failing to consider the waxing and waning nature of Flynn's impairments. I will address each issue in turn.

A.   **FLYNN'S RFC**

Flynn asserts two major objections to the ALJ's determination of her RFC: (1) the ALJ failed to consider all of her medically determinable impairments in assessing her RFC; and (2) the ALJ failed to provide substantial evidence supporting the reversal of his initial RFC determination, which included the nonexertional limitation that Flynn needed a low-stress work environment.

### 1. Medically Determinable Impairments

First, Flynn contends that the Code of Federal Regulations (the "Code") requires that "if a severe impairment exists [at Step 2], all medically determinable impairments—whether severe or not—must be considered in the remaining steps of the sequential analysis." Dkt. 10 at 5. Relying on this understanding of the law, Flynn argues that because the ALJ found that she suffers from severe impairments (hypothyroidism, lupus, and Sjogren's syndrome), the ALJ was required to consider her additional non-severe impairments (renal cyst, anxiety, and depression) in determining her RFC. Flynn argues the ALJ failed to follow the Code and then compounded his error by failing to reflect all her medically determinable impairments in the hypothetical question posed to the VE.

"[Flynn's] argument fails because it is based on a flawed interpretation of the law." *Marchi v. Berryhill*, No. 3:17-CV-00360, 2018 WL 4610669, at *4 (S.D. Tex. Sept. 4, 2018). The regulation cited by Flynn provides:

> In determining whether your physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. *If we do find a medically severe combination of impairments, we will consider the combined impact of the impairments throughout the disability determination process.* If we do not find that you have a medically severe combination of impairments, we will determine that you are not disabled

20 C.F.R. § 404.1523(c) (emphasis added). This language makes clear that an ALJ has the duty to consider the combined effect of alleged impairments to determine if a medically severe combination exists. *See Loza v. Apfel,* 219 F.3d 378, 393 (5th Cir. 2000) ("[T]he ALJ is required to consider the combined effects of all impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity."). Once the ALJ finds a medically severe combination, "only impairments found to be medically severe (singly or in combination) need be considered throughout the disability determination." *Armstrong*, 2020 WL 410197, at *3 (quoting *Veal v. Soc. Sec. Admin.*, 618 F. Supp. 2d 600, 607 (E.D. Tex, 2009)). Therefore, the ALJ was only required to consider Flynn's lupus, hypothyroid, and Sjogren's syndrome—the impairments on which the ALJ based his step 2 determination—throughout the disability determination. *See Marchi*, 2018 WL 4610669, at *4. "Consequently, [Flynn's] argument that the ALJ failed to consider her non-severe impairments in determining her RFC, which is predicated on her incorrect interpretation

7

of the law, must fail." *Id*. Moreover, because the ALJ properly applied the Code in finding Flynn's RFC, "the ALJ's hypothetical question to the [VE] was not in error." *Id*.

### 2. Unsubstantiated Reversal of Prior RFC Findings

Flynn contends that the ALJ's first decision included a finding that she suffered from the severe impairment of mood disorder with underlying anxiety, which necessitated a limitation that her work be limited to "tasks that only require detailed, not complex, instructions *with low stress*." Dkt. 10 at 5 (emphasis added) (quotation marks and citation omitted). Without citation to any authority, Flynn argues that the ALJ's failure to include that earlier determination in his second decision constitutes error. I am not convinced.

Although Flynn claims that the ALJ erred, she has not directed me to any authority mandating that result. This alone weighs heavily against Flynn's argument. Furthermore, Flynn makes no mention of the fact that the Appeals Council vacated the ALJ's first decision and remanded it to the ALJ, explaining that:

> The hearing decision finds the claimant is limited to tasks that only require detailed, not complex, instructions with low stress (Finding 5). The low stress limitation is ambiguous, as an activity which is trivial for one person may be highly stressful for another (*see* Social Security Ruling 85-15). Further analysis is needed to better define the claimant's stress-related limitations.

Dkt. 6-4 at 47. In my view, the ALJ took this directive seriously. During the hearing held on remand, the ALJ relied on the testimony of Nancy M. Tarrand, M.D. ("Dr. Tarrand"), who appeared as a medical expert in psychiatry. Dr. Tarrand, who did not appear in Flynn's first hearing before the ALJ, testified that Flynn's record reflected a

8

history of depression and anxiety but did not indicate consistent treatment for these impairments. Dr. Tarrand found that Flynn's mental impairments were non-severe because they caused only mild limitations. Importantly, before relying on the testimony of Dr. Tarrand, the ALJ specifically asked Dr. Tarrand to explain why her medical opinion "differed from the psychologist I had at the first hearing who said [Flynn] needed a low-stress environment." Dkt. 6-3 at 51. Dr. Tarrand testified, "I don't have any records that would indicate that [Flynn] had a psychiatric condition of such severity that she would need a low-stress environment. I don't know what [the psychologist in the first hearing] based his testimony on." *Id.* at 52. The ALJ ultimately "accord[ed] this [new] testimony substantial weight, as it is consistent with the evidence showing the claimant presented to the medical encounters as oriented to person, place, and time." *Id.* at 22. Significantly, at the hearing, Flynn's attorney declined to question Dr. Tarrand and declined to object to any inconsistency with the ALJ's prior findings regarding Flynn's exertional and nonexertional limitations.

In sum, upon rehearing, the ALJ obtained and relied upon new expert medical evidence regarding Flynn's limitations. It is neither surprising nor problematic that this new evidence affected the ALJ's RFC determination. Consequently, I find that the ALJ properly assessed Flynn's RFC, and the ALJ's discussion of Dr. Tarrand's opinion constitutes substantial evidence.

**B.   CONSULTATIVE EXAMINATION**

Next, Flynn contends that "[t]he ALJ failed to order a consultative examination" and, thus, failed to fully and fairly develop the record. Dkt. 10 at 6.

"A court may reverse the ALJ's decision if the claimant can show that (1) the ALJ failed to fulfill his duty to develop the record adequately and (2) that failure prejudiced the plaintiff." *Brooks v. Berryhill*, No. 3:17-CV-00372, 2018 WL 3429904, at *3 (S.D. Tex. July 16, 2018). While the claimant bears the burden of proving her disability by establishing a physical or mental impairment, "[t]he decision to order a consultative examination is within the ALJ's discretion, but the ALJ must order a consultative evaluation *when such an evaluation is necessary* to enable the ALJ to make the determination." *Cruz v. Colvin,* No. EP-12-CV-00179-ATB, 2013 WL 3338591, at *9 (W.D. Tex. July 1, 2013) (emphasis added). "A consultative evaluation becomes necessary only when the claimant presents evidence sufficient to raise a suspicion concerning a non-exertional impairment." *Brock v. Chater,* 84 F.3d 726, 728 (5th Cir. 1996) (internal quotation marks and citation omitted).

In my view, Flynn has not presented any evidence demonstrating that the record is insufficiently developed. To be clear, the ALJ made his determination based on Flynn's medical records, Flynn's testimony, the testimony of a VE, and the testimony of two medical professionals, who fully reviewed the medical record and found that Flynn was not disabled under the definition of the Act. Based on this record, I find that the ALJ adequately developed the record and was well within his discretion in declining to order a consultative evaluation. *See Page v. Saul*, 4:19-CV-04435, 2020 WL 4003641, at *5 and *6 n.4 (S.D. Tex. July 15, 2020) (declining to order a consultative examination and finding the ALJ adequately developed the record, even without a supporting medical

opinion, because the medical records and the hearing testimony constituted substantial evidence in support of the ALJ's decision).

C. **ABILITY TO PERFORM PAST RELEVANT WORK**

The ALJ determined that Flynn could return to her past work as a medical assistant. Flynn challenges this part of the decision, arguing the ALJ violated the mandates of SSR 82-62, 1982 WL 31386.

SSR 82-62 recognizes that deciding if a claimant "retains the functional capacity to perform past relevant work . . . has far-reaching implications and must be developed and explained fully in the disability decision." *Id.* at *3. Because this is "important and, in some instances, [the] controlling issue, every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit." *Id.* These decisions must provide specifics about the past work's demands and how those demands match with the claimant's remaining capacity to work. *See id.* at *4. "As with all decisions, the ALJ must articulate the rationale underlying the decisions made in evaluating a claim, to facilitate meaningful . . . review." *Fennell v. Comm'r of Soc. Sec.*, No. 3:16CV-261-DAS, 2017 WL 4393098, at *3 (N.D. Miss. Oct. 3, 2017). With step four determinations, a reviewing court must be able to determine "how specific evidence leads to [the] conclusion" that the claimant has the capacity to perform past work. SSR 82-62, 1982 WL 31386 at *4. The determination that a claimant may return to her past relevant work may be based on a finding that the claimant can (1) perform her past job, as she actually performed it in the past, or (2) return to the same occupation, as it is generally performed in the national economy. *See id.* at *3.

11

The *Fennell* court provides the three step process that applies under SSR 82-62 in determining a claimant's capacity to perform past relevant work: "First, there must be a finding of fact of the individual's RFC.  Second, there must then be a finding of fact as to the physical and mental demands of the past job/occupation.  Finally, there must be fact findings that the individual's RFC would permit a return to his or her past job or occupation." 2017 WL 4393098, at *4 (internal quotation marks and citation omitted).

The ALJ clearly fulfilled the first step when he set Flynn's RFC, determining that Flynn could perform the full range of light work.  However, Flynn contends that the ALJ did not fulfill the second and third steps.  I find Flynn's arguments unpersuasive.

The ALJ specifically obtained testimony from the VE that Flynn's past relevant work as a medical assistant was classified as skilled work and performed at the light exertional level.  The ALJ noted that the VE testified that Flynn's "past relevant work as medical assistant was skilled with a specific vocational preparation (SVP) code of 6 and required the following skills: doing boards, working with patients, taking temperature, injections, taking blood pressure."[2]  Dkt. 6-3 at 24.  The ALJ also found that Flynn had performed the job as a medical assistant for long enough to become proficient at the job.  And, referencing the testimony of the VE, who relied on the DOT, the ALJ also explained that Flynn was able to perform the medical assistant job as it is generally performed in the national economy.  In my opinion, the ALJ easily satisfied both the second and third steps required by SSR 82-62.

---

[2] The VE's description of the medical assistant job is substantially similar to the descriptions Flynn provided in the work history reports she submitted to the ALJ.

Moreover, the ALJ went further by considering if Flynn could perform other jobs in the national economy. As described above, the VE offered several additional jobs that Flynn could perform at a light exertional level, including companion (DOT 309.677-010), scheduling clerk (DOT 209.561-010), and medical record clerk (DOT 245.362-010). *See id.* at 25.

In sum, I am satisfied that the ALJ properly considered the exertional level of Flynn's previous work according to SSR 82-62. *See Goodwin v. Berryhill*, No. 4:17-CV-0202, 2018 WL 1225143, at *5 (S.D. Tex. Mar. 7, 2018) (rejecting the claimant's argument based on SSR 82-62 where the ALJ's determination was based on his RFC determination, the DOT, and the testimony of a VE).

**D.   ABILITY TO FIND AND MAINTAIN EMPLOYMENT**

Lastly, Flynn contends that the ALJ failed to adequately consider whether she could maintain employment given the waxing and waning nature of her impairments.

When a claimant's ailment, by its nature, waxes and wanes in its manifestation of disabling symptoms, an ALJ is required "to make a finding as to the claimant's ability to maintain a job for a significant period of time, notwithstanding the exertional, as opposed to non-exertional (e.g. mental illness) nature of the claimant's alleged disability." *Frank v. Barnhart,* 326 F.3d 618, 619 (5th Cir. 2003). "[T]o support a finding of disability, the claimant's intermittently recurring symptoms must be of sufficient frequency or severity to prevent the claimant from holding a job for a significant period of time." *Id.* However, the Fifth Circuit has made it clear that an ALJ is not required to make a specific finding regarding the claimant's ability to maintain employment in every case.

13

*See Perez v. Barnhart*, 415 F.3d 457, 465 (5th Cir. 2005). The claimant must *demonstrate*, rather than just assert, that her impairment waxes and wanes. *See Tigert v. Astrue,* No. 4:11-CV-00435-Y, 2012 WL 1889694, at *7 (N.D. Tex. May 2, 2012). Without substantial evidence showing that her impairments limit her work to short intervals, or that her impairments wax and wane in a way that completely prevents employment, the ALJ's determination that Flynn is able to maintain employment is subsumed in the RFC definition. *See Roberts v. Colvin*, 946 F. Supp. 2d 646, 663 (S.D. Tex. 2013).

Flynn has not offered any medical evidence that indicates she could not sustain work at a specific level of exertion. Nor has she provided any evidence that her condition waxes and wanes in frequency or intensity such that her ability to maintain employment was not adequately considered in the ALJ's RFC determination. In fact, the only evidence Flynn directs me to are medical records related to two discrete Lupus flareups and her condition of hypothyroidism. Besides documenting the discrete doctor visits relevant to the medical records, none of the cited medical records opine in any manner on Flynn's ability to maintain employment or even the expected frequency of the noted flareups. In this regard, Flynn's supposed evidence is no different than a claim that she has good days and bad days or general testimony that she would not be able to work on a reliable basis. As explained by one district court, "the Fifth Circuit [has] found that such evidence 'does not come close to meeting the standard required by *Frank*.'" *Strauss v. Saul*, No. 4:19-CV-00077, 2020 WL 1650758, at *6 (S.D. Tex. Mar. 25, 2020) (quoting *Perez v. Barnhart*, 415 F.3d 457, 466 (5th Cir. 2005)).

Without any concrete evidence in the record that Flynn's ailments wax and wane in a manner affecting her ability to maintain employment, I find that the ALJ was not required to separately consider whether Flynn could maintain employment.

## CONCLUSION

I find that the ALJ's decision is supported by substantial evidence and was made according to the proper legal standards. Accordingly, Defendant's Motion for Summary Judgment (Dkt. 12) is **GRANTED** and Plaintiff's Motion for Summary Judgment (Dkt. 10) is **DENIED**.

SIGNED in Houston, Texas, this 19th day of August 2020.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE